# EXHIBIT A

AO 88 (Rev. 11/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

EASTERN   DISTRICT OF   PENNSYLVANIA

TIVO INC.,

Plaintiff,

**SUBPOENA IN A CIVIL CASE**

v.

Case Number:[1]  2:09-CV-257-DF
Eastern District of Texas, Marshall Division

VERIZON COMMUNICATIONS INC.,

Defendants.

TO:   Motorola Mobility Inc.   c/o CT Corporation System
      101 Tournament Drive   116 Pine St., Suite 320
      Horsham, PA 19044   Harrisburg, PA 17101

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): *See Schedule A & Schedule B.*

| PLACE<br>Seagull Legal<br>1818 Market Street, #3000<br>Philadelphia, PA 19103<br>or other place agreed upon by the parties. | DATE AND TIME<br>**May 26, 2011**<br>**10:00 a.m.** |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Lauren J. Galgano* , Counsel for Plaintiff | DATE<br>5/11/2011 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lauren J. Galgano, Robins, Kaplan, Miller & Ciresi L.L.P., 2800 LaSalle Plaza, 800 LaSalle Ave, Minneapolis, MN 55402, 612-349-8500

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on reverse)

---

[1]  If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/91) (Subpoena in a Civil Case)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                         DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)     (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)     (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance;

(ii)     requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause  (c) (3) (B)( iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)     subjects a person to undue burden.

(B) if a subpoena

(i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's's study made not at the request of any party, or

(iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d)     DUTIES IN RESPONDING TO SUBPOENA.**

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

**A.     DEFINITIONS**

For purposes of these requests, the following terms shall have the meaning set forth below.

1.      "All" means any, all and each; "each" means all and each; and "any" means all and each.

2.      "And" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

3.      "Broadcom" refers to Broadcom, Inc., including, without limitation, any divisions, subsidiaries, directors, agents, representatives, attorneys, employees, any predecessor with an interest, and any successors.

4.       "Communication" means any oral, written, or electronic transmittal of information or request for information made from one person to another person, whether made in person, electronically, by telephone or by any other means and includes any document(s) made only for the purpose of recording a communication, a fact, an idea, a statement, an inquiry, an opinion, a belief or otherwise.

5.      "Concerning" means, without limitation, alluding to, constituting, containing, discussing, describing, evidencing, identifying, mentioning, in connection with, pertaining to, referring to, relating to, respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

6.      "Document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).  "Document" shall be construed to mean, without

limitation, any written, printed, typed, stored, photostated, photographed, recorded or otherwise reproduced communication, compilation or reproduction including computer or electronically generated or stored information or data, whether assertedly privileged or not.  "Document" specifically includes all forms of electronic data.  A draft or nonidentical copy is a separate document within the meaning of this term.

7.      "Motorola" refers to Motorola Mobility Inc., including, without limitation, any divisions, subsidiaries, directors, agents, representatives, attorneys, employees, any predecessor with an interest, and any successors.

8.      "Motorola Set-Top Box" includes all DVRs manufactured or otherwise produced for or sold to Verizon by Motorola, including the following models: Motorola QIP27xx Series Standard-Definition Watch and Record DVR, Motorola QIP6200/QIP64xx Series, and Motorola QIP7200 Series, as identified in Exhibit A.

9.      "Person(s)" means any individual, firm, partnership, incorporated or unincorporated association, or any other legal or commercial entity, and shall include the owners, officers, directors, agents, trustees, parents, or subsidiaries, affiliates, assignees, predecessors, and successors of each such "person(s)."

10.      "Relate to" means, without limitation, alluding to, concerning, constituting, containing, discussing, describing, evidencing, identifying, mentioning, in connection with, pertaining to, referring to, respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

11.      "TiVo" refers to TiVo Inc., including, without limitation, any divisions, subsidiaries, directors, agents, representatives, attorneys, employees, and any predecessor with an interest.

12.     "TiVo Action" means <u>TiVo Inc. v. Verizon Communications Inc., Verizon Services Corp., and/or Verizon Corporate Resources Group LLC</u>, Case No. 2:09-cv-00257-DF, brought in the Eastern District of Texas, Marshall Division.

13.     U.S. Patent No. 6,233,389 entitled "Multimedia Time Warping System," attached hereto as Exhibit B, shall include (a) all current and future U.S. divisions, reissues, extensions, continuations, continuations-in-part, renewals and re-examinations of that patent, and (b) all current and future patent applications filed and patents issued in any and all jurisdictions outside of the United States that claim the benefit of or priority from, otherwise claim to be related to, or share in whole or in part the specification found in the patent or any patent application(s) described in subsection (a) of this definition.

14.     U.S. Patent No. 7,493,015 entitled "Automatic Playback Overshoot Correction System," attached hereto as Exhibit C, shall include (a) all current and future U.S. divisions, reissues, extensions, continuations, continuations-in-part, renewals and re-examinations of that patent, and (b) all current and future patent applications filed and patents issued in any and all jurisdictions outside of the United States that claim the benefit of or priority from, otherwise claim to be related to, or share in whole or in part the specification found in the patent or any patent application(s) described in subsection (a) of this definition.

15.     U.S. Patent No. 7,529,465 entitled "System For Time Shifting Multimedia Content Streams," attached hereto as Exhibit D, shall include (a) all current and future U.S. divisions, reissues, extensions, continuations, continuations-in-part, renewals and re-examinations of that patent, and (b) all current and future patent applications filed and patents issued in any and all jurisdictions outside of the United States that claim the benefit of or priority

from, otherwise claim to be related to, or share in whole or in part the specification found in the patent or any patent application(s) described in subsection (a) of this definition.

16.     "Verizon" refers to Verizon Communications Inc., Verizon Services Corp., Verizon Corporate Resources Group LLC, Verizon Corporate Services Group Inc., and Verizon Data Services LLC, including, without limitation, any divisions, subsidiaries, directors, agents, representatives, attorneys, employees, any predecessor with an interest, and any successors.

17.     "You" and "your" means Motorola including, without limitation, any divisions, subsidiaries, directors, agents, representatives, attorneys, employees, any predecessor with an interest, and any successors.

18.     The use of the singular form of any word includes the plural, and the use of the plural includes the singular.

**B.     INSTRUCTIONS**

The following instructions apply:

1.     Produce all documents and things in your actual or constructive possession, custody, or control.

2.     Produce all documents and things in the same file or manner in which they are kept in the usual course of business.

3.     For the purpose of each request, production of a copy, rather than the original, of a document is acceptable provided that the copy is a complete, accurate, legible and unaltered reproduction of the original and that the original is made available for inspection and photocopying at a time and place mutually agreed upon by the attorneys for the parties.

4.     Each request for documents seeks production of the document in its entirety, including all attachments and enclosures.  If a portion of a document is responsive to a request,

produce the entire document, including all attachments, enclosures, "Post-It"-type notes, and any other matter physically attached to the document.  If a document responsive to any requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

5.      In the event that multiple copies of a document exist, produce every copy on which appear any notations or marking of any sort not appearing on any other copy.

6.      This subpoena covers documents that exist in electronic form (including electronic mail, back-up tapes, magnetic tapes, and diskettes).  This subpoena covers electronic documents accessible to Motorola, regardless of the location at which those documents are physically stored.  Electronic and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering of the materials intelligible.

7.      You are required to produce the documents as they are kept in the ordinary course of business or organized and labeled to correspond with the categories in this request.  Where attached, documents shall not be separated or disassembled.  If documents responsive to any request are normally kept in a file or folder, also produce that file or folder with any labels attached thereto, and indicate the company, division, department, and/or individual from whose files the document is being produced.  If responsive documents are segregated or separated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs, or any other method, produce such documents in that form.

8.      Provide the following information for any responsive document or thing withheld from production on the grounds that it is protected from disclosure by the attorney client privilege, the work product doctrine, or any other relevant privilege:

a.     The author(s)/sender(s) of the document;

b.     The person(s) for whom the document was prepared, to whom it was sent, or who received copies;

c.     The date of the document;

d.     The subject matter of the document;

e.     The type of document (e.g., letter, memorandum, note, report, etc.);

f.     The number of pages and attachments;

g.     The portion of the document as to which privilege is claimed; and

h.     The nature and the basis for the claim of privilege.

9.     If you are aware that a document or thing, or group of documents or things, once existed but has been destroyed or discarded, you are requested to state the type of document or thing or group of documents or things, the date it was created, the date it was destroyed or discarded, and the identity of the persons having knowledge of the contents of the document or thing, or group of documents or things.

10.     Each request herein shall be construed independently and shall not be limited by reference to any other.

11.     This request is of a continuing nature.  If, after the date and time for production as set forth above or as otherwise agreed upon, additional documents responsive to this request come within your possession, custody or control, such additional documents shall be produced by you or your attorneys, at such time and place as will be mutually agreed upon by the attorneys for the parties but not later than five (5) days after the additional documents come within your or your attorney's possession, custody or control.

12.     Unless otherwise specified, these requests seek documents through the present.

13.     The Protective Order entered by the Court in this action on July 29, 2010, a copy of which is attached hereto as Exhibit E, governs documents and information disclosed in this action.

14.     If you object to a request, or any part of a request, produce all documents to which your objection does not apply.

15.     All objections shall be made in writing and delivered to the offices of Robins, Kaplan, Miller & Ciresi L.L.P., Attn: Lauren J. Galgano, 2800 LaSalle Plaza, 800 LaSalle Avenue, Minneapolis, MN 55402.

## C.     DOCUMENTS REQUESTED

**Document Request No. 1:**

Documents sufficient to show the design, operation and functionality of the Motorola Set-Top Box.

**Document Request No. 2:**

Documents sufficient to identify the Motorola employees, agents, independent contractors, or any third parties engaged in the design or development of the Motorola Set-Top Box.

**Document Request No. 3:**

All documents and communications relating to Verizon's rights in the Motorola Set-Top Box, including any assignment, licenses, or agreements for manufacture or purchase.

**Document Request No. 4:**

Document sufficient to identify any actual or potential products made or sold by Verizon that incorporate or use the Motorola Set-Top Box.

**Document Request No. 5:**

Any documents or communications relating to both the U.S. Patent No. 6,233,389 and the Motorola Set-Top Box.

**Document Request No. 6:**

Any documents or communications relating to both the U.S. Patent No. 7,493,015 and the Motorola Set-Top Box.

**Document Request No. 7:**

Any documents or communications relating to both the U.S. Patent No. 7,529,465 and the Motorola Set-Top Box.

**Document Request No. 8:**

Communications between you and Verizon relating to the U.S. Patent No. 6,233,389.

**Document Request No. 9:**

Communications between you and Verizon relating to the U.S. Patent No. 7,493,015.

**Document Request No. 10:**

Communications between you and Verizon relating to the U.S. Patent No. 7,529,465.

**Document Request No. 11:**

Communications between you and Broadcom relating to the U.S. Patent No. 6,233,389.

**Document Request No. 12:**

Any communications relating to the TiVo Action.

## SCHEDULE B

**A.    DEFINITIONS**

TiVo incorporates by reference the definitions from Schedule A and adds the following

definitions.

19.    "DVR functionality" includes, e.g., the features of pausing, stopping, fast-

forwarding, rewinding, channel changing, and multi-room viewing of television programming,

for example as described in U.S. Patent No. 6,233,389, U.S. Patent No. 7,529,465, and U.S.

Patent No. 7,493,015.

20.    "Deployed" means provided on a set-top box to a subscriber to Verizon's FiOS

TV service.

**B.    INSTRUCTIONS**

TiVo incorporates by reference the instructions from Schedule A.

**C.    DOCUMENTS REQUESTED**

**Document Request No. 13:**

Deployed versions of source code necessary for implementing the DVR functionality of

the Motorola Set-Top Box (as defined above), including without limitation all Deployed versions

of Motorola's Del Mar source code and all Deployed versions of any predecessor to the Del Mar

source code, as well as associated Broadcom code.

**Document Request No. 14:**

Documents, such as change logs and release notes, describing the differences between the

versions of the source code referenced in Document Request No. 13.

**Document Request No. 15:**

Documents relating to and/or describing the DVR functionality of the Motorola Set-Top Box (as defined above), including without limitation product requirements documents, software requirements documents, hardware requirements documents, block diagrams, high level design documents, and feature analysis documents.

**Document Request No. 16:**

Documents relating to the design, development, operation and implementation of any Deployed versions of Microsoft code necessary for implementing the DVR functionality of the Motorola Set-Top Box (as defined above).

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| Lauren J. Galgano, Esq.<br>Robins, Kaplan, Miller & Ciresi L L P<br>2800 LaSalle Plaza<br>800 LaSalle Avenue<br>Minneapolis, MN 55402<br>*Telephone No:* 612-349-8500     *FAX No:* 612-339-4181 | | | | |
| *Attorney for:* Plaintiff | | *Ref. No. or File No.:* | | |

Insert name of Court, and Judicial District and Branch Court:

United States District Court - Eastern District Of Pennsylvania

*Plaintiff:* TiVo, Inc.

*Defendant:* Verizon Communications, Inc., et al.

| **AFFIDAVIT OF SERVICE** | *Hearing Date:*<br>Thu, May. 26, 2011 | *Time:*<br>10:00AM | *Dept/Div:* | *Case Number:*<br>209CV257DF |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action; Schedule A; Schedule B

3. a. *Party served:*     Motorola Mobility, Inc.
   b. *Person served:*     Karen O. Jones, Corporate Operations Specialist

4. *Address where the party was served:*     C T Corporation
                                     116 Pine Street, Suite 320
                                     Harrisburg, PA 17101

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., May. 12, 2011 (2) at: 11:17AM
   b. *I received this subpena for service on:*     Wednesday, May 11, 2011

6. *Witness fees were not demanded or paid.*

7. *Person Who Served Papers:*
   a. Timothy Hoot
   b. **Class Action Research & Litigation**
     P O Box 740
     Penryn, CA 95663
   c. (916) 663-2562, FAX (916) 663-4955

*Fee for Service:*
I Declare under penalty of perjury under the laws of the State of PENNSYLVANIA that the foregoing is true and correct.

                                                  *(Date)*                             *(Signature)*

8. *STATE OF PENNSYLVANIA, COUNTY OF* Dauphin
Subscribed and sworn to (or affirmed) before me on this 19th day of May, 2011 by Timothy Hoot
proved to me on the basis of satisfactory evidence to be the person who appeared before me.

                                 AFFIDAVIT OF SERVICE                     *(Notary Signature)*        *lagal.*120737

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
John F. Shinkowsky, Notary Public
Lower Paxton Twp., Dauphin County
My Commission Expires Sept. 28, 2014

# EXHIBIT B

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209

(202) 326-7900
FACSIMILE:
(202) 326-7999

December 10, 2010

<u>Via Email</u>

Loren L. Hansen
Robins Kaplan Miller & Ciresi
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

      Re:    *TiVo Inc. v. Verizon Communications, Inc,. et al.*

Dear Loren:

      I am writing in response to your letter dated December 7, 2010 regarding alleged deficiencies in Verizon's source code production. I note that, according to Stroz, TiVo has had one person review Verizon's code for a total of four hours between the date TiVo signed the Secure Discovery Agreement and your letter. This cursory review may explain why your reviewer was "unable to locate code for" items that Verizon has produced. Having provided its source code, Verizon has no further duty to guide your reviewer. But in the spirit of cooperation, the code for the "Exception Handler" and "Error Handler" modules, for example, is ErrorHandler.c, which is located in the Error directory. If you have additional specific questions about modules your reviewer cannot locate, please provide in writing the efforts taken to identify the allegedly missing modules.

      While Verizon has produced its source code, you have also identified modules that belong to several third parties. For example, it is my understanding that the Boot Loader code is Motorola's source code. So, too, do you state that several "Motorola Operating System modules are not provided in full and often only contain the .h API files, but no actual code." As you know, Verizon cannot provide Motorola's source code. But, I understand that TiVo has already subpoenaed Motorola for its source code.

                            Sincerely,

                            Kiran Raj

# EXHIBIT C

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

LAUREN J. GALGANO
612-349-8405

April 15, 2011

**VIA E-MAIL**

Brian Erickson
DLA Piper LLP
401 Congress Avenue, Suite 2500
Austin, TX 78701

Re:   *TiVo Inc. v. Verizon Communications Inc., et al.*,
Case No. 2:09-cv-257-DF (E.D. Tex.)

Dear Brian,

I write to follow up on several matters related to Motorola's production of documents and source code. These matters are described below. Please contact me with any questions as they arise.

**Document Production.** It appears that several responsive documents referenced in the production are missing. The following is a nonexclusive list of responsive documents that Motorola appears to have failed to produce:

| Document Name | Motorola Doc. # |
|---|---|
| API Support by Platform Spreadsheet | 365-095-2386 |
| DCT5000 Software Interface Specification | 365-095-696 |
| QIP7K Production Software Impacts | ENB-5351 Version |
| D5K/D6K Protected Flash Layout Contents | 365-095-1069 |
| HD/DVR Software Branches and Family IDs | 365-095-4230 |
| GITV File System API Specification | 365-095-1662 |
| Broadcom MPEG2 Transport Stream Player and Indexer Requirements Specification | 365-095-2231 |
| PVR Functional Requirement Specification for BCM7030 | 365-095-1498 |

Brian Erickson
April 15, 2011
Page 2

| Document Name | Motorola Doc. # |
|---|---|
| DCT Software Design Pattern Specification | 365-095-1340 |
| Del Mar 2.5 Product Functional Specification | 365-095-09819 |
| QIP27xx Hardware HLD | (unknown) |

Based on the list above, it is evident that a number of documents exist that fall within the scope of the subpoena that Motorola has not yet produced. Please supplement Motorola's production by April 22, 2011 with the documents listed above and any similar documents that Motorola has not yet produced, including without limitation all API, specification, requirement and layout documents relating to the Motorola Set-Top Boxes.

Additionally, Verizon DVRs are labeled with QIP designations, *e.g.*, QIP27xx, QIP64xx, and QIP72xx. But many of the DVR-related technical documents that Motorola has produced describe the DVR functionality implemented in Motorola's DCT line of set top boxes.[1] Please produce the relevant documents describing DVR functionality in Verizon's QIP DVRs. Alternatively, if there is no separate documentation, confirm that the DCT documents also apply to Verizon's QIP boxes.

**Source Code Production.** To date, it appears that Motorola has produced the following software releases:

delMar_23.54A_Broadcom_src;
delMar_23.54A_ThinClient_src;
delMar_23.54B_Broadcom_src; and
delMar_23.54B_ThinClient_src.

But our understanding is that Motorola has created numerous versions of software for Verizon under multiple naming conventions such as Burbank, Carlsbad, Cardiff, and Del Mar. These software versions are necessary to show the functionality of all Motorola Set-Top Boxes requested in TiVo's subpoena. Please produce the source code for all Motorola software versions released to Verizon.

Likewise, Motorola must produce documentation sufficient to show the functionality of all software versions provided to Verizon. These documents must show differences in features and functionality between all code releases and may include, *e.g.*, release notes, change notes, requirement documents or any other document describing additions or modifications made for each version of Motorola's software. Please produce these documents.

Regarding integrated Broadcom source code, it appears that Motorola has not produced any code for the BCM 3250 chip (QAM demodulator). Please produce it along with any

---

[1]     *See, e.g.*, MMI0001973 ("The purpose of this document is to provide the high level design for the DVR system within the DCT5000 STB."); MMI0002304 ("This document describes the software design of the DVR Pipeline software modules that are part of the Digital Versatile Recorder (DVR) feature of the DCT52x0 product.").

Brian Erickson
April 15, 2011
Page 3

corresponding documentation describing the functionality of this chip and its functionality and operation within the relevant Set-Top Boxes manufactured for Verizon.

Finally, it is evident that Motorola engaged Microsoft as a subcontractor to produce certain deliverables under its contract with Verizon, including application-level software for the Motorola Set-Top Boxes. *See* MMI0004331. Motorola, however, has not produced this portion of its DVR source code in response to TiVo's subpoena requests. Please confirm whether Motorola has ever had possession, custody or control of the relevant Microsoft source code at any time. If so, please produce this code, along with any relevant documents necessary for understanding the code.

Please let me know if you have any questions. I am available to discuss these issues further.

Kind Regards,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Lauren J. Galgano

LJG/dec

## Ottley, Sandra K.

| | |
|---|---|
| **From:** | Galgano, Lauren J. |
| **Sent:** | Friday, April 15, 2011 4:45 PM |
| **To:** | 'brian.erickson@dlapiper.com' |
| **Cc:** | Zimmerman, Lila M.; Ottley, Sandra K. |
| **Subject:** | TiVo's subpoena to Motorola, TiVo v. Verizon, Case No. 2:09-cv-257 (E.D. Tex.) |
| **Attachments:** | 2011-04-15 Letter from L- Galgano to B- Erickson0.PDF |

Dear Brian,

Please see the attached correspondence regarding Motorola's document and source code production.

Best Regards,

Lauren

Lauren J. Galgano
Attorney
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

(612) 349-8405

4/19/2011